UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-20375-cr-KMW

UNITED STATES OF AMERICA

v.

MERICE PEREZ COLON,

    Defendant.

_____

## GOVERNMENT'S RESPONSE TO
## THE STANDING DISCOVERY ORDER

    The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

    A.    1.    Attached, please find a copy of any written statements made by the defendant in the 5 PDFs sent by electronic mail dated June 12-13, 2017 and the 4 compact discs available for pickup at the 8th floor reception of 99 NE 4th Street, Miami, Florida, 33132.

                An audio recording of statements made by the defendant is included on 1 of the 4 compact discs available for pickup.

          2.    Statements made in response to interrogation by any person then known to the defendant to be a government agent are on the attached CD.

          3.    No defendant testified before the Grand Jury.

          4.    The agency's inquiry for the defendant's NCIC indicated no wants or warrants or prior criminal history .

          5.    Books, papers, documents, data, photographs, tangible objects, buildings or places, within the government's possession, custody or control, which are material to the preparation of the defendant's defense, or which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant, may be inspected at a mutually convenient time at: the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida, or at the HSI field office in Doral,

        Florida. Please call the undersigned to set up a date and time that is convenient to both parties.

        The attachments to this discovery response are not necessarily copies of all the books, papers, documents, data, etc., that the government may intend to introduce at trial.

    6. Any results or reports of physical examinations in connection with this case will be made available to the defendant upon their completion.

B. DEMAND FOR RECIPROCAL DISCOVERY: Pursuant to the Standing Discovery Order, the United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. The Defendant was identified in pictures sent from her social media account.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b). Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence.

You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.        The Defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.        The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.       No controlled substance is involved in this indictment.

L.        The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.      The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.       The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

The attachments to this response include 5 PDFs sent by electronic mail dated June 12-13, 2017 and 4 compact discs available for pickup at the 8th floor reception of 99 NE 4th Street, Miami, Florida, 33132.

Please contact the undersigned Assistant United States Attorney if any files are missing or inoperable.

Respectfully submitted,

BENJAMIN G. GREENBERG
ACTING UNITED STATES

By:   /s/*Jonathan Kobrinski*
      Jonathan Kobrinski
      Assistant United States Attorney
      Court ID No. A5501893
      99 Northeast 4th Street
      Miami, Florida 33132-2111
      Tel: (305) 961-9074
      Fax: (305) 530-7087
      Email: jonathan.kobrinski@usdoj.gov

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                /s/*Jonathan Kobrinski*
                Jonathan Kobrinski
                Assistant United States Attorney